UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY COX,

Petitioner,

v.

CASE NO. 4:25-CV-13503
HON. F. KAY BEHM

ERIC RARDIN,

Respondent.
______________________________/

**OPINION & ORDER DENYING AND DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS**

## I. Introduction

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2241. Federal prisoner Tracey Cox ("Petitioner"), who was confined at the Federal Correctional Institution in Milan, Michigan when he instituted this action and is now under the supervision of the Residential Reentry Management Field Office in Cincinnati, Ohio, challenges a decision by the Federal Bureau of Prisons ("BOP") that he is ineligible to receive federal sentencing credits under the First Step Act ("FSA"). He also alleges that he is being improperly denied community placement under the Second Chance Act. ECF No. 1. Respondent has filed an answer to the petition contending that it should be dismissed on exhaustion grounds and/or denied on the merits. ECF No. 11. For the reasons set forth, the Court denies and dismisses with

prejudice the habeas petition.

## II. Discussion

Petitioner pleaded guilty to one count of possession of child pornography involving prepubescent minors in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) in the United States District Court for the Southern District of Ohio and was sentenced to 36 months in prison with five years of supervised release in 2024. *See United States v. Cox*, No. 3:22-CR-105 (S.D. Ohio); ECF No. 11-2. He has a current projected release date of December 15, 2026. *See* BOP Inmate Locater, https://www.bop.gov/inmateloc/ (accessed Aug. 5, 2026); ECF No. 11-1.

As noted, Petitioner challenges the BOP's determination that he is ineligible to receive credit toward his federal sentence under the FSA. The BOP found him statutorily ineligible to receive FSA credits due to his offense of conviction. Petitioner contests that decision and believes that he should be given credits for participating in various programs. Respondent contends that the petition should be dismissed because Petitioner has not exhausted his administrative remedies and/or denied because his claim lacks merit.

### A. Exhaustion

It is well-settled that federal prisoners must exhaust administrative remedies prior to filing a habeas petition under § 2241. *United States v. Wilson*, 503 U.S. 329, 334-336 (1992); *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013);

*Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). Exhaustion gives an agency the opportunity to correct its own mistakes, discourages disregard of the agency's procedures, promotes efficiency because claims can generally be resolved more quickly and economically before an agency, and may produce a useful record for subsequent judicial consideration. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted).

That being said, the United States Court of Appeals for the Sixth Circuit has made clear that "the habeas exhaustion requirement is not without exception," nor "statutorily required." *Fazzini*, 473 F.3d at 235-236. Thus, if a prisoner fails to exhaust administrative remedies before filing a § 2241 petition, a federal court has discretion to either require exhaustion of those remedies before habeas review or excuse the failure to exhaust and address the merits of the case. A federal court can also bypass the exhaustion issue and address the merits of a claim if it is more efficient to do so. *See Herrera v. Rardin*, No. 25-1007, 2025 WL 3904402, *2 (6th Cir. Aug. 8, 2025). Such is the case here. The Court shall proceed to the merits.

**B. Merits**

Petitioner first challenges his eligibility for FSA credits. Under the FSA, federal prisoners who successfully participate in recidivism-reduction programs are entitled to receive credit toward early release or pre-release custody. *See* 18 U.S.C. §§ 3624(g), 3632(d)(4). Certain categories of prisoners, however, are categorically

ineligible to receive those credits due to their offense of conviction. *See* 18 U.S.C. § 3632(d)(4)(D). As relevant to this case, a prisoner is ineligible to receive such credits if he or she is "serving a sentence for a conviction under … [18 U.S.C. §] 2252, relating to certain activities relating to material involving the sexual exploitation of minors." 18 U.S.C. § 3632(d)(4)(D)(xli).

Petitioner was convicted of possession of child pornography involving prepubescent minors in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Thus, under the clear language of 18 U.S.C. § 3632(d)(4)(D)(xli), he is ineligible to receive FSA sentencing credits. *See, e.g., Sedlacek v. Rardin*, No. 2:23-CV-11899, 2024 WL 965607, *4 (E.D. Mich. Mar. 5, 2024) (dismissing similar petition and rejecting due process and equal protection arguments), *aff'd*, No. 24-1254, 2025 WL 948485 (6th Cir. Jan. 21, 2025). Petitioner fails to establish that the BOP's determination is erroneous. Habeas relief is not warranted on this claim.

Petitioner also asserts, in conclusory fashion, that he is being improperly denied community placement under the Second Chance Act, which authorizes eligible federal prisoners to spend a portion of their sentence in pre-release custody such as a residential reentry center (halfway house) or home confinement. *See* 18 U.S.C. § 3624(c). At the time he instituted this action, Petitioner had been referred for halfway house placement. ECF No. 11-1. BOP records indicate that Petitioner is currently residing in a halfway house under the supervision of a Cincinnati, Ohio

field office. *See* BOP Inmate Locater, https://www.bop.gov/inmateloc/ (accessed Aug. 5, 2026). Consequently, any claim under the Second Chance Act is now moot. There is no relief for the Court to grant. Habeas relief is not warranted on this claim.

## III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

A certificate of appealability is not needed to appeal the dismissal of § 2241 habeas petition. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the United States Court of Appeals for the Sixth Circuit should he seek to appeal this decision.

**SO ORDERED**.

s/F. Kay Behm
F. Kay Behm
United States District Judge

Dated: August 10, 2026